# EXHIBIT 1

 **Service of Process Transmittal**
06/30/2016
CT Log Number 529425126

**TO:** Rick Brasher
LifePoint Health, Inc.
330 Seven Springs Way
Brentwood, TN 37027-5098

**RE:** **Process Served in Kentucky**

**FOR:** Lake Cumberland Regional Hospital, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Martha Pollard, Pltf. vs. LAKE CUMBERLAND REGIONAL HOSPITAL, LLC, etc. and UNKNOWN EMPLOYEE OF LAKE CUMBERLAND REGIONAL HOSPITAL, Dfts.

**DOCUMENT(S) SERVED:** Cover Sheet, Summons, Verified Complaint

**COURT/AGENCY:** Pulaski County Circuit Court, KY
Case # 16CI00595

**NATURE OF ACTION:** Medical Injury - Improper Care and Treatment - Lake Cumberland

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Frankfort, KY

**DATE AND HOUR OF SERVICE:** By Certified Mail on 06/30/2016 postmarked: "Not Post Marked"

**JURISDICTION SERVED :** Kentucky

**APPEARANCE OR ANSWER DUE:** Within twenty 20 days following the day this paper is delivered to you

**ATTORNEY(S) / SENDER(S):** BRYAN K. SERGENT
SCOTT MADDEN MADDEN LAW OFFICE
116 LAWYER STREET
Manchester, KY 40962
606-598-6124

**ACTION ITEMS:** CT has retained the current log, Retain Date: 06/30/2016, Expected Purge Date: 07/05/2016

Image SOP

Email Notification, Rick Brasher Rick.Brasher@lpnt.net

Email Notification, David Fausett david.fausett@lpnt.net

Email Notification, Debbie McGee debbie.mcgee@lpnt.net

Email Notification, Melissa Todd melissa.todd@lpnt.net

Email Notification, Michelle Walker MICHELLE.WALKER@LPNT.NET

Email Notification, Felicia Johnson felicia.johnson@lpnt.net

Email Notification, Virginia Smith Virginia.smith2@lpnt.net

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
06/30/2016
CT Log Number 529425126

**TO:** Rick Brasher
LifePoint Health, Inc.
330 Seven Springs Way
Brentwood, TN 37027-5098

**RE: Process Served in Kentucky**

**FOR:** Lake Cumberland Regional Hospital, LLC (Domestic State: DE)

Email Notification, Jonessa Milliken jonessa.milliken@lpnt.net

**SIGNED:** C T Corporation System
**ADDRESS:** 306 W. Main Street
Suite 512
Frankfort, KY 40601
**TELEPHONE:** 312-345-4336

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



GEORGE F. FLYNN
CIRCUIT COURT CLE
P.O. BOX 664
SOMERSET, KY 42502

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
7014 1820 0000 6893 9392

U.S. POSTAGE PITNEY BOWES
ZIP 42501 $ 007.57
02 4W
0000340202 JUN 24 2016

Unk. Nurse
CT Corp.
306 W. Main St, Suite 512
Frankfort, Ky 40601



George Flynn, Pulaski Circuit Clerk
P.O. Box 664, 50 Public Square
Somerset, KY 42501

CT CORPORATION
306 W. MAIN ST.
SUITE 512
FRANKFORT, KY 40601

Package:000001 of 000016

## KCOJ eFiling Cover Sheet

Case Number: 16-CI-00595

Envelope Number: 214625

Package Retrieval Number: 2146251425328@00000139878

Service by: Certified Mail

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000001 of 000016

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice Courts.ky.gov

CR 4.02; Cr Official Form 1



# CIVIL SUMMONS

Case #: **16-CI-00595**
Court: **CIRCUIT**
County: **PULASKI**

*Plantiff,* **SERGENT, BRYAN K. VS. NURSE, UNKNOWN,** *Defendant*

TO: **CT CORPORATION**
**306 W. MAIN ST.**
**SUITE 512**
**FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:
**UNKNOWN NURSE**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ George Flynn, Pulaski Circuit Clerk
Date: **06/24/2016**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________________, 20______ ______________________________
Served By

______________________________
Title

Summons ID: 2146251425328@00000139878,
CIRCUIT: 16-CI-00595 Certified Mail
SERGENT, BRYAN K. VS. NURSE, UNKNOWN





eFiled

Package:000002 of 000016

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000002 of 000016

COMMONWEALTH OF KENTUCKY
PULASKI CIRCUIT COURT
CIVIL ACTION NO: ____________

MARITHA POLLARD PLAINTIFF

vs.

LAKE CUMBERLAND REGIONAL HOSPITAL, LLC, d/b/a
LAKE CUMBERLAND REGIONAL HOSPITAL,
And UNKNOWN EMPLOYEE OF LAKE CUMBERLAND
REGIONAL HOSPITAL,

Serve at: CT CORPORATION
306 W. Main St., Suite 512
Frankfort, KY 40601

DEFENDANT

**VERIFIED COMPLAINT**

* * * * * * *

Comes the Plaintiff, Maritha Elaine Pollard, by counsel, and for her Verified Complaint cause of action against the Defendants, and each of them herein, states as follows:

1. The Plaintiff, Maritha Elaine Pollard, is and was at all times pertinent to this action a resident of London, Laurel County, Kentucky.

2. The Defendant, Lake Cumberland Regional Hospital, LLC (hereinafter "Lake Cumberland"), is and was, at all times pertinent to this action, a limited liability company, operating a hospital under the assumed name of Lake Cumberland Regional Hospital, in Somerset, Pulaski County, Kentucky.

3. The Defendant, Lake Cumberland Regional Hospital, LLC is a Foreign Limited Liability Company having its principal office at 330 Seven Springs Way, at all times material hereto was engaged in the business of providing healthcare and services to the public at 305 Langdon St., Somerset, KY 42503.

4. The Defendant, Lake Cumberland Regional has its registered agent for service of

Package:000003 of 000016

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000003 of 000016

process CT Corporation, 306 W. Main St., Suite 512, Frankfort, KY 40601.

5.      The Defendant, Unknown Nurse at Lake Cumberland Regional Hospital, is a nurse in the Commonwealth of Kentucky, and is employed by the Defendant, Lake Cumberland Regional Hospital. At all times material hereto, the unknown nurse was acting independently, and/or as an agent, assign, or employee of Lake Cumberland. At all times material, the unknown nurse was employed at Lake Cumberland as a nurse with the duties for the neurosurgical floor.

6.      On or about July 27, 2015, the Defendant's, negligently rendered nursing care, treatment, and services to the Plaintiff, Maritha Elaine Pollard.

7.      On or about July 27, 2015, the Defendant, Lake Cumberland acting through its agents, servants, representatives, and employees, negligently rendered medical care, nursing care, hospital care, treatment, services to Maritha Elaine Pollard.

8.      On or about July 27, 2015, the Plaintiff, Maritha Elaine Pollard, presented to the Lake Cumberland for back surgery to be performed by Dr. Magdy El-Kalliny. After the surgery, the Plaintiff complained of severe neck and arm pain and an ultrasound was performed that evening which proved normal. Later on in the evening on or about July 27, 2015, an unknown nurse grabbed Maritha Elaine Pollard in an attempt to force her out of bed. The unknown nurse, pulled the Plaintiff's arm to pull her out of bed into a standing position to walk. The tremendous amount of force applied by the unknown nurse immediately tore and caused the Plaintiff's shoulder to be painful. The reckless and grossly negligent action caused the Plaintiff's shoulder to tear permanently injuring her.

9.      The Plaintiff began complaining of immediate and intractable right shoulder pain. A physician was contacted and a complaint was filed with the Defendant, Lake Cumberland against the unknown nurse.

Package:000004 of 000016    Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)    Package : 000004 of 000016

10. The Plaintiff suffered damages to her right shoulder which required surgery as a result of the actions of the nurse.

**COUNT I**

11. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 10 above as fully as though the same were set forth herein at length.

12. At the time and place and on the occasion of the actions referred to above, Defendant, Unknown Nurse at Lake Cumberland deviated from the appropriate standard of care in her performance of her medical responsibilities to Maritha Elaine Pollard in at least the following manners:

a. Defendant, Unknown Nurse at Lake Cumberland directly caused or else permitted to be caused the tearing of Plaintiff's right shoulder. In doing so, Defendant, Unknown Nurse at Lake Cumberland caused permanent injury to Maritha Elaine Pollard's right shoulder.

b. Defendant, Unknown Nurse at Lake Cumberland failed to take proper precautions to ensure that the Plaintiff was not injured in assisting her to get out of bed and walk. In doing so, Defendant, Unknown Nurse at Lake Cumberland caused permanent injury to Maritha Elaine Pollard's right shoulder.

c. Defendant, Unknown Nurse at Lake Cumberland failed to act in accordance with the standard of care requiring that the patient's shoulder was not injured when assisting her in getting up out of bed.

d. Defendant, Unknown Nurse at Lake Cumberland failed to act in accordance with the standard of care recognizing that an unreasonable and unnecessary risk of injury to the right shoulder is associated with use of the unchecked force solely on the shoulder

Package:000005 of 000016

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000005 of 000016

joint. Defendant, Unknown Nurse at Lake Cumberland failed to abide by this standard of care.

e.      Defendant, Unknown Nurse at Lake Cumberland's actions fell below the standard of care in that she directly caused or else permitted to be caused the injury to the right shoulder in a manner that failed to comply with the proper technique required of reasonably competent nurses situated similarly to Defendant.

f.      Defendant, Unknown Nurse at Lake Cumberland's actions fell below the standard of care in that she failed to utilize the proper technique in administering proper help, care, and health to Maritha Elaine Pollard which accounts for the fact that the course of the right shoulder region places it at risk for injury.

13.     At all times relevant, Defendant, Unknown Nurse at Lake Cumberland failed to possess, employ, or exercise the skill, knowledge, or competence ordinarily possessed, employed, and exercised by nurses who hold themselves out as licensed nurse practitioners, and did not exercise the care and judgment required of reasonable licensed nurse practitioner in like circumstances, and failed to act, with the accepted standards of care in at least the following manners:

a.      Defendant, Unknown Nurse at Lake Cumberland directly caused or else permitted to be caused the tearing of Plaintiff's right shoulder. In doing so, Defendant, Unknown Nurse at Lake Cumberland caused permanent injury to Maritha Elaine Pollard's right shoulder.

b.      Defendant, Unknown Nurse at Lake Cumberland failed to take proper precautions to ensure that the Plaintiff was not injured when assisting her out of the bed. In doing so, Defendant, Unknown Nurse at Lake Cumberland caused permanent injury to Maritha

Package:000006 of 000016

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000006 of 000016

Elaine Pollard's right shoulder.

c. Defendant, Unknown Nurse at Lake Cumberland failed to act in accordance with the standard of care requiring that the patient's joints be protected when assisting the Plaintiff.

d. Defendant, Unknown Nurse at Lake Cumberland failed to act in accordance with the standard of care recognizing that an unreasonable and unnecessary risk of injury to the right shoulder is associated with use of the technique of assisting Plaintiff from the bed in the manner used. Defendant, Unknown Nurse at Lake Cumberland failed to abide by this standard of care.

e. Defendant, Unknown Nurse at Lake Cumberland's actions fell below the standard of care in that she directly caused or else permitted to be caused the injury to the right shoulder in a manner that failed to comply with the proper technique required of reasonably competent nurses situated similarly to Defendant.

f. Defendant, Unknown Nurse at Lake Cumberland's actions fell below the standard of care in that she failed to utilize the proper technique in assisting Maritha Elaine Pollard from the bed which accounts for the fact that the course of the right shoulder region places it at risk for injury.

14. Defendant, Unknown Nurse's conduct, as set forth above, increased the risk that harm would befall Maritha Elaine Pollard and was a substantial contributing factor in her injuries and/or was the direct and proximate cause of Maritha Elaine Pollard's injuries.

15. At the time and place and on July 27, 2015, the unknown nurse deviated from the accepted standard of medical and nursing care in the performance of her medical and nursing responsibilities to Maritha Elaine Pollard; thus, said deviations constitute medical and/or nursing

Package:000007 of 000016

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000007 of 000016

negligence.

16. As a result of the negligence of Defendant, Unknown Nurse described above, the Plaintiff sustained bodily injuries, physical and mental pain, and her earning power has been permanently impaired.

17. As a further result of the negligence of Defendant, Unknown Nurse described above, the Plaintiff incurred expenses for and incident to medical and hospital treatment and lost time from the transaction of her business.

18. As a further result of the negligence of Defendant, Unknown Nurse described above, the Plaintiff will in the future be required to incur expenses for and incident to medical and hospital treatment and lost time from the transaction of her business.

**COUNT II**

19. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 18 above as fully as though the same were set forth herein at length.

20. Defendant, Lake Cumberland is vicariously liable for the negligent acts, commissions, or omissions of its employees, agents, servants, and/or those independent contractors working within Lake Cumberland, specifically those doctors, nurses, or other medical personnel who treated and/or were involved in the care of Maritha Elaine Pollard during her admission at Defendant, Lake Cumberland Regional Hospital on July 27, 2015, under the doctrines of ostensible agency and/or respondest superior, more specifically as follows:

a. Defendant, Unknown Nurse at Lake Cumberland directly caused or else permitted to be caused the tearing of Plaintiff's right shoulder. In doing so, Defendant, Unknown Nurse at Lake Cumberland caused permanent injury to Maritha Elaine Pollard's right shoulder.

Package:000008 of 000016

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000008 of 000016

b. Defendant, Unknown Nurse at Lake Cumberland failed to take proper precautions to ensure that the Plaintiff was not injured when assisting her out of the bed. In doing so, Defendant, Unknown Nurse at Lake Cumberland caused permanent injury to Maritha Elaine Pollard's right shoulder.

c. Defendant, Unknown Nurse at Lake Cumberland failed to act in accordance with the standard of care requiring that the patient's joints be protected when assisting the Plaintiff.

d. Defendant, Unknown Nurse at Lake Cumberland failed to act in accordance with the standard of care recognizing that an unreasonable and unnecessary risk of injury to the right shoulder is associated with use of the use of the technique of assisting Plaintiff from the bed in the manner used. Defendant, unknown nurse at Lake Cumberland failed to abide by this standard of care.

e. Defendant, Unknown Nurse at Lake Cumberland's actions fell below the standard of care in that she directly caused or else permitted to be caused the injury to the right shoulder in a manner that failed to comply with the proper technique required of reasonably competent nurses situated similarly to Defendant.

f. Defendant, Unknown Nurse at Lake Cumberland's actions fell below the standard of care in that she failed to utilize the proper technique in assisting Maritha Elaine Pollard from the bed which accounts for the fact that the course of the right shoulder region places it at risk for injury.

21. The conduct of Defendant, Lake Cumberland's employees, agents, servants, and/or those independent contractors working within Lake Cumberland, as set forth above, increased the risk that harm would befall Maritha Elaine Pollard and was a substantial

Package:000009 of 000016

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000009 of 000016

contributing factor in her injuries and/or was the direct and proximate cause of Martha Elaine Pollard's injuries.

22. At the time and place and on the occasion of the actions described above, Defendant, Lake Cumberland's employees, agents, servants, and/or those independent contractors working within Lake Cumberland deviated from the accepted standard of medical and nursing care in the performance of their medical and nursing responsibilities to Maritha Elaine Pollard; thus, said deviations constitute medical and/or nursing negligence.

23. As a result of the negligence of Defendant, Lake Cumberland's employees, agents, servants, and/or those independent contractors working within Lake Cumberland described above, the Plaintiff sustained bodily injuries, physical and mental pain, and her earning power has been permanently impaired.

24. As a further result of the negligence of Defendant, Lake Cumberland's employees, agents, servants, and/or those independent contractors working within Lake Cumberland described above, the Plaintiff incurred expenses for and incident to medical and hospital treatment and lost time from the transaction of her business.

25. As a further result of the negligence of Defendant, Lake Cumberland's employees, agents, servants, and/or those independent contractors working within Lake Cumberland described above, the Plaintiff will in the future be required to incur expenses for and incident to medical and hospital treatment and lost time from the transaction of her business.

**COUNT III**

26. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 25 above as fully as though the same were set forth herein at length.

Package:000010 of 000016

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000010 of 000016

27.     Defendant, Lake Cumberland is directly liable under the doctrine of corporate liability for the following acts and/or omissions:

a.      the failure to properly train, supervise, oversee, and monitor the acts of its physicians, residents, nurses, employees, servants, agents, independent contractors, and/or other medical staff who treated and/or cared for Plaintiff, Maritha Elaine Pollard;

b.      the failure to develop, document, and implement an appropriate plan of care for patients who present with complaints identical to those as Maritha Elaine Pollard on July 27, 2015;

c.      the failure to adopt, perform, and follow the proper policy and/or procedure for addressing complaints similar to those made by Maritha Elaine Pollard on July 27, 2015;

d.      the failure to have the proper procedure and protocol in place for the treatment of patients with complaints similar to those of Maritha Elaine Pollard on July 27, 2015;

e.      the failure to adopt, perform, and follow a policy requiring that treatment similar to that provided to Maritha Elaine Pollard on July 27, 2015 comply with the standard of care; and/or

f.      by allowing improperly trained nurses and other employees to treat and care for patients with complications similar to those of Maritha Elaine Pollard on or about July 27, 2015.

28.     Defendant, Lake Cumberland's conduct as set forth above increased the risk that harm would befall Maritha Elaine Pollard and was a substantial contributing factor in her injuries identified herein and/or was the direct and proximate cause of Maritha Elaine Pollard's injuries identified herein.

29.     At the time and place and actions described above, Defendant, Lake Cumberland

Package:000011 of 000016

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000011 of 000016

deviated from the accepted standard of medical and/or nursing care in the performance of its medical and nursing responsibilities to Maritha Elaine Pollard; thus, said deviations constitute medical and/or nursing negligence.

30. As a result of the negligence of Defendant, Lake Cumberland described above, the Plaintiff sustained bodily injuries, physical and mental pain, and her earning power has been permanently impaired.

31. As a further result of the negligence of Defendant, Lake Cumberland described above, the Plaintiff incurred expenses for and incident to medical and hospital treatment and lost time from the transaction of her business.

32. As a further result of the negligence of Defendant, Lake Cumberland described above, the Plaintiff will in the future be required to incur expenses for and incident to medical and hospital treatment and lost time from the transaction of her business.

**COUNT IV**

33. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 32 above as fully as though the same were set forth herein at length.

34. The actions of the Defendant's were intentional and/or reckless acts, and were outrageous and intolerable actions and that such action offend against generally accepted standards of decency and morality.

35. These actions were undertaken by the Defendant's with full knowledge of the illegality of doing so.

36. The actions and/or admissions of the Defendant's were accomplished with an oppression fraud and/or malice within the meaning of KRS 411.184. Further, these actions by the Defendant's were either intended by them to cause emotional distress to the Plaintiff or were

Package:000012 of 000016

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000012 of 000016

such that Defendant's should have known that such actions would cause such emotional distress, and clearly exceed the bounds of common decency as would be observed in any civilized society.

OUTRAGE

37. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 36 above as fully as though the same were set forth herein at length.

38. The conduct, actions and words of the Defendant's complained of herein, constitute the tort of outrage, causing damage to Plaintiff in an amount to be proven at trial.

ACTIONS AND/OR INACTIONS

39. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 38 above as fully as though the same were set forth herein at length.

40. Actions and/or inactions of Defendant's, as described herein demonstrates grossly negligent, wanton, willful, flagrant, indifferent, and/or malicious disregard for the rights and safety of the Plaintiff, and were carried out with the subjective awareness. As a result, the Plaintiff is entitled to an order of damages.

ASSAULT AND BATTERY

40. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 39 above as fully as though the same were set forth herein at length.

41. The actions of the unknown nurse constituted the tort of assault and battery under the laws of Kentucky causing damage to Plaintiff in an amount to be proven at trial.

42. The Defendant, Lake Cumberland is liable for the tortuous conduct of the unknown nurse.

43. The actions of the unknown nurse constitute the tort of battery under the laws of

Package:000013 of 000016

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000013 of 000016

Kentucky.

44. The Defendant's are liable for the injuries sustained as a result of the battery perpetrated upon the Plaintiff by the unknown nursing employee of Lake Cumberland.

WHEREFORE, the Plaintiff, Maritha Elaine Pollard, demands judgment against the Defendants, Lake Cumberland Regional Hospital and Unknown Nurse, as follows:

A. For compensatory damages in an amount in excess of $5,000.00, the jurisdictional minimum; and

B. For a jury trial on all issues so triable; and

C. For her costs herein expended; and

D. For any and all other relief to which he may appear entitled.

**VERIFICATION**

I, Maritha Elaine Pollard, after being first duly sworn, depose and state that I have read the foregoing Verified Complaint and the statements contained therein, after due inquiry, are true, correct and complete to the best of my knowledge and belief.

Maritha Elaine Pollard
MARITHA ELAINE POLLARD

COMMONWEALTH OF KENTUCKY
COUNTY OF Leslie

The foregoing Verification was acknowledged, subscribed to and sworn to before me by MARITHA ELAINE POLLARD, this the 23rd day of June, 2016.

Package:000014 of 000016
Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)
Package : 000014 of 000016

Andrea K Callahan
NOTARY PUBLIC
STATE AT LARGE
My Commission Expires: 7-6-19
Notary ID: 537290

Respectfully Submitted,

HAMM, MILBY & RIDINGS PLLC
120 NORTH MAIN STREET
LONDON, KY 40741
PHONE: 606-864-4126
FAX: 606-878-8144
bsergent@hmrkylaw.com
ATTORNEY FOR PLAINTIFF,
MARITHA ELAINE POLLARD

BY: /s/ BRYAN K. SERGENT
BRYAN K. SERGENT
AND

SCOTT MADDEN
MADDEN LAW OFFICE
116 LAWYER STREET
MANCHESTER, KY 40962
PHONE: 606-598-6124
FAX: 606-598-6129
Email: becky.maddenlaw@windstream.net
CO-COUNSEL FOR PLAINTIFF,
MARITHA ELAINE POLLARD

BY: /s/ SCOTT MADDEN
SCOTT MADDEN

AND

PHILLIP LEWIS
21951 MAIN ST.
HAYDEN, KY 41749

Package:000015 of 000016

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000015 of 000016

PHONE: 606-672-2977
FAX: 606-672-4285
lawofficeplewis@tds.net
CO-COUNSEL FOR PLAINTIFF,
MARITHA ELAINE POLLARD

BY: /s/ PHILLIP LEWIS
      PHILLIP LEWIS

Package:000016 of 000016

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

Package : 000016 of 000016

F10ED279-2F13-41E2-AE87-E7F5E53414F3 : 000001 of 000003

COMMONWEALTH OF KENTUCKY
PULASKI CIRCUIT COURT
DIVISION II
CIVIL ACTION NO: 16-CI-00595

ELECTRONICALLY FILED

MARITHA POLLARD PLAINTIFF

vs.

LAKE CUMBERLAND REGIONAL HOSPITAL, LLC, d/b/a
LAKE CUMBERLAND REGIONAL HOSPITAL,
And UNKNOWN EMPLOYEE OF LAKE CUMBERLAND
REGIONAL HOSPITAL, DEFENDANT
And

UNKNOWN EMPLOYEE OF LAKE CUMBERLAND
REGIONAL HOSPITAL, DEFENDANT

**MOTION FOR WARNING ORDER ATTORNEY**

* * * * * * *

Comes the Plaintiff, Maritha Elaine Pollard, by and through counsel, and makes a Motion for Warning Order Attorney and as grounds states suit has been filed against an unknown employee of Lake Cumberland Regional Hospital and service must be made by Warning Order Attorney.

The Plaintiff is asking for the Court to appoint a warning order attorney to attempt service on the Unknown Nurse at Lake Cumberland Regional Hospital.

WHEREFORE, the Plaintiff prays that the Court will enter an order.

Respectfully Submitted,

HAMM, MILBY & RIDINGS PLLC
120 NORTH MAIN STREET
LONDON, KY 40741
PHONE: 606-864-4126
FAX: 606-878-8144
bsergent@hmrkylaw.com

F10ED279-2F13-41E2-AE87-E7F5E53414F3 : 000002 of 000003

ATTORNEY FOR PLAINTIFF,
MARITHA ELAINE POLLARD

BY: /s/ BRYAN K. SERGENT_
BRYAN K. SERGENT

AND

SCOTT MADDEN
MADDEN LAW OFFICE
116 LAWYER STREET
MANCHESTER, KY 40962
PHONE: 606-598-6124
FAX: 606-598-6129
Email: becky.maddenlaw@windstream.net
CO-COUNSEL FOR PLAINTIFF,
MARITHA ELAINE POLLARD

BY: /s/ SCOTT MADDEN_
SCOTT MADDEN

AND

PHILLIP LEWIS
21951 MAIN ST.
HAYDEN, KY 41749
PHONE: 606-672-2977
FAX: 606-672-4285
lawofficeplewis@tds.net
CO-COUNSEL FOR PLAINTIFF,
MARITHA ELAINE POLLARD

BY: /s/ PHILLIP LEWIS_
PHILLIP LEWIS

NOTICE OF HEARING:

Notice is hereby given that the foregoing motion to be heard at the convenience of Court.

/s/ BRYAN K. SERGENT___________
COUNSEL FOR PLAINTIFF

F10ED279-2F13-41E2-AE87-E7F5E53414F3 : 000003 of 000003

CERTIFICATE OF SERVICE:

I hereby certify that the foregoing has been served by ECF Filing, regular mail postage prepaid:

ORIGINAL TO:
Pulaski Circuit Court Clerk
Pulaski County Judicial Center
50 Public Square
P.O. Box 664
Somerset, KY 42502-0664

COPY TO:

CT Corporation
306 W. Main St., Suite 512
Frankfort, KY 40601

all on this 22nd day of July, 2016.

/s/ BRYAN K. SERGENT_____
COUNSEL FOR PLAINTIFF

BE5A66C0-97BD-4694-A939-D371870F432D : 000001 of 000003

COMMONWEALTH OF KENTUCKY
PULASKI CIRCUIT COURT
DIVISION II
CIVIL ACTION NO: 16-CI-00595

ELECTRONICALLY FILED

MARITHA POLLARD PLAINTIFF

vs.

LAKE CUMBERLAND REGIONAL HOSPITAL, LLC, d/b/a
LAKE CUMBERLAND REGIONAL HOSPITAL,
And UNKNOWN EMPLOYEE OF LAKE CUMBERLAND
REGIONAL HOSPITAL, DEFENDANT

**AFFIDAVIT FOR APPOINTMENT OF WARNING ORDER ATTORNEY**

* * * * * * *

Comes the Affiant, Bryan K. Sergent, and after first being duly sworn, states as follows:

1. That he is the attorney for the Plaintiff in the above-captioned action.

2. That Defendant, **Unknown Nurse, of Lake Cumberland Regional Hospital,** requires the appointment of a Warning Order Attorney for the reasons set forth below.

3. CR 4.05 information:

____ (a) An individual who is a nonresident of this state and known or believed to be absent therefrom, or

____ (b) a corporation, or a partnership or unincorporated association which is subject to suit under a common name, having no agent in this state known to the Plaintiff upon whom a summons may be lawfully served, or

____ (c) an individual who has been absent from the state for four months or who has departed there-from with the intent to delay or defraud his creditors, or

____(d) an individual who has left the county of her residence to avoid the service of a summons or has so concealed herself that a summons cannot be served upon her, or

__X__ (e) an individual whose name or place of residence is unknown to the Plaintiff.

4. CR 4.06 information:

____ The last known address of the Defendant is as follows:

__X_ The name and last known address of the Defendant is unknown, and the undersigned is ignorant of such of those facts as he does not know **but that she is an employee at Lake Cumberland Regional Hospital at 305 Langdon St., Somerset, KY 42503.**

____ The Defendant is one designated under Rule 4.05(b) and its address is unknown, but the last known address of one upon whom service may be had on its behalf is as follows: ______________________________

____ The Defendant is one designated under CR 4.05(b), the address of this Defendant is unknown as is the last known address of one upon whom service may be had on their behalf, and the undersigned is ignorant of such of those facts as he does not know.

5. The Affiant is giving this Affidavit in his capacity as Counsel for the Plaintiff and the Affiant believes that the Plaintiff is ignorant of such facts as are unknown to the Affiant.

6. That the Affiant requests the appointment of a Warning Order Attorney to notify said Defendant of the nature and pendency of this action and requires that said Warning Order

BE5A66C0-97BD-4694-A939-D371870F432D : 000002 of 000003

BE5A66C0-97BD-4694-A939-D371870F432D : 000003 of 000003

Attorney make a report to the Court upon the results of his/her efforts to notify said Defendant, **Unknown Nurse, Lake Cumberland Regional Hospital.**

Further, the Affiant sayeth naught.

Hamm, Milby & Ridings, PLLC

/s/ BRYAN K. SERGENT
BRYAN K. SERGENT
ATTORNEY FOR PLAINTIFF
120 North Main Street
London, KY 40741

COMMONWEALTH OF KENTUCKY )
)
COUNTY OF LAUREL )

Subscribed, sworn to and acknowledged before me by Bryan K. Sergent, in his capacity as Attorney for Plaintiff, this 26th day of July, 2016.

Patricia Guard
NOTARY PUBLIC
STATE AT LARGE

My Commission Expires: 5-26-19

COMMONWEALTH OF KENTUCKY
PULASKI CIRCUIT COURT
CIVIL ACTION NO: ____________

MARITHA POLLARD PLAINTIFF

vs.

LAKE CUMBERLAND REGIONAL HOSPITAL, LLC, d/b/a
LAKE CUMBERLAND REGIONAL HOSPITAL,
And UNKNOWN EMPLOYEE OF LAKE CUMBERLAND
REGIONAL HOSPITAL,

Serve at: CT CORPORATION
306 W. Main St., Suite 512
Frankfort, KY 40601

DEFENDANT

**VERIFIED COMPLAINT**

* * * * * * *

Comes the Plaintiff, Maritha Elaine Pollard, by counsel, and for her Verified Complaint cause of action against the Defendants, and each of them herein, states as follows:

1. The Plaintiff, Maritha Elaine Pollard, is and was at all times pertinent to this action a resident of London, Laurel County, Kentucky.

2. The Defendant, Lake Cumberland Regional Hospital, LLC (hereinafter "Lake Cumberland"), is and was, at all times pertinent to this action, a limited liability company, operating a hospital under the assumed name of Lake Cumberland Regional Hospital, in Somerset, Pulaski County, Kentucky.

3. The Defendant, Lake Cumberland Regional Hospital, LLC is a Foreign Limited Liability Company having its principal office at 330 Seven Springs Way, at all times material hereto was engaged in the business of providing healthcare and services to the public at 305 Langdon St., Somerset, KY 42503.

4. The Defendant, Lake Cumberland Regional has its registered agent for service of

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000001 of 000018
Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)
COM : 000001 of 000014

process CT Corporation, 306 W. Main St., Suite 512, Frankfort, KY 40601.

5. The Defendant, Unknown Nurse at Lake Cumberland Regional Hospital, is a nurse in the Commonwealth of Kentucky, and is employed by the Defendant, Lake Cumberland Regional Hospital. At all times material hereto, the unknown nurse was acting independently, and/or as an agent, assign, or employee of Lake Cumberland. At all times material, the unknown nurse was employed at Lake Cumberland as a nurse with the duties for the neurosurgical floor.

6. On or about July 27, 2015, the Defendant's, negligently rendered nursing care, treatment, and services to the Plaintiff, Maritha Elaine Pollard.

7. On or about July 27, 2015, the Defendant, Lake Cumberland acting through its agents, servants, representatives, and employees, negligently rendered medical care, nursing care, hospital care, treatment, services to Maritha Elaine Pollard.

8. On or about July 27, 2015, the Plaintiff, Maritha Elaine Pollard, presented to the Lake Cumberland for back surgery to be performed by Dr. Magdy El-Kalliny. After the surgery, the Plaintiff complained of severe neck and arm pain and an ultrasound was performed that evening which proved normal. Later on in the evening on or about July 27, 2015, an unknown nurse grabbed Maritha Elaine Pollard in an attempt to force her out of bed. The unknown nurse, pulled the Plaintiff's arm to pull her out of bed into a standing position to walk. The tremendous amount of force applied by the unknown nurse immediately tore and caused the Plaintiff's shoulder to be painful. The reckless and grossly negligent action caused the Plaintiff's shoulder to tear permanently injuring her.

9. The Plaintiff began complaining of immediate and intractable right shoulder pain. A physician was contacted and a complaint was filed with the Defendant, Lake Cumberland against the unknown nurse.

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000002 of 000018

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

COM : 000002 of 000014

10. The Plaintiff suffered damages to her right shoulder which required surgery as a result of the actions of the nurse.

**COUNT I**

11. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 10 above as fully as though the same were set forth herein at length.

12. At the time and place and on the occasion of the actions referred to above, Defendant, Unknown Nurse at Lake Cumberland deviated from the appropriate standard of care in her performance of her medical responsibilities to Maritha Elaine Pollard in at least the following manners:

a. Defendant, Unknown Nurse at Lake Cumberland directly caused or else permitted to be caused the tearing of Plaintiff's right shoulder. In doing so, Defendant, Unknown Nurse at Lake Cumberland caused permanent injury to Maritha Elaine Pollard's right shoulder.

b. Defendant, Unknown Nurse at Lake Cumberland failed to take proper precautions to ensure that the Plaintiff was not injured in assisting her to get out of bed and walk. In doing so, Defendant, Unknown Nurse at Lake Cumberland caused permanent injury to Maritha Elaine Pollard's right shoulder.

c. Defendant, Unknown Nurse at Lake Cumberland failed to act in accordance with the standard of care requiring that the patient's shoulder was not injured when assisting her in getting up out of bed.

d. Defendant, Unknown Nurse at Lake Cumberland failed to act in accordance with the standard of care recognizing that an unreasonable and unnecessary risk of injury to the right shoulder is associated with use of the unchecked force solely on the shoulder

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000003 of 000018

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

COM : 000003 of 000014

joint. Defendant, Unknown Nurse at Lake Cumberland failed to abide by this standard of care.

e. Defendant, Unknown Nurse at Lake Cumberland's actions fell below the standard of care in that she directly caused or else permitted to be caused the injury to the right shoulder in a manner that failed to comply with the proper technique required of reasonably competent nurses situated similarly to Defendant.

f. Defendant, Unknown Nurse at Lake Cumberland's actions fell below the standard of care in that she failed to utilize the proper technique in administering proper help, care, and health to Maritha Elaine Pollard which accounts for the fact that the course of the right shoulder region places it at risk for injury.

13. At all times relevant, Defendant, Unknown Nurse at Lake Cumberland failed to possess, employ, or exercise the skill, knowledge, or competence ordinarily possessed, employed, and exercised by nurses who hold themselves out as licensed nurse practitioners, and did not exercise the care and judgment required of reasonable licensed nurse practitioner in like circumstances, and failed to act, with the accepted standards of care in at least the following manners:

a. Defendant, Unknown Nurse at Lake Cumberland directly caused or else permitted to be caused the tearing of Plaintiff's right shoulder. In doing so, Defendant, Unknown Nurse at Lake Cumberland caused permanent injury to Maritha Elaine Pollard's right shoulder.

b. Defendant, Unknown Nurse at Lake Cumberland failed to take proper precautions to ensure that the Plaintiff was not injured when assisting her out of the bed. In doing so, Defendant, Unknown Nurse at Lake Cumberland caused permanent injury to Maritha

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000004 of 000018

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

COM : 000004 of 000014

Elaine Pollard's right shoulder.

c. Defendant, Unknown Nurse at Lake Cumberland failed to act in accordance with the standard of care requiring that the patient's joints be protected when assisting the Plaintiff.

d. Defendant, Unknown Nurse at Lake Cumberland failed to act in accordance with the standard of care recognizing that an unreasonable and unnecessary risk of injury to the right shoulder is associated with use of the technique of assisting Plaintiff from the bed in the manner used. Defendant, Unknown Nurse at Lake Cumberland failed to abide by this standard of care.

e. Defendant, Unknown Nurse at Lake Cumberland's actions fell below the standard of care in that she directly caused or else permitted to be caused the injury to the right shoulder in a manner that failed to comply with the proper technique required of reasonably competent nurses situated similarly to Defendant.

f. Defendant, Unknown Nurse at Lake Cumberland's actions fell below the standard of care in that she failed to utilize the proper technique in assisting Maritha Elaine Pollard from the bed which accounts for the fact that the course of the right shoulder region places it at risk for injury.

14. Defendant, Unknown Nurse's conduct, as set forth above, increased the risk that harm would befall Maritha Elaine Pollard and was a substantial contributing factor in her injuries and/or was the direct and proximate cause of Maritha Elaine Pollard's injuries.

15. At the time and place and on July 27, 2015, the unknown nurse deviated from the accepted standard of medical and nursing care in the performance of her medical and nursing responsibilities to Maritha Elaine Pollard; thus, said deviations constitute medical and/or nursing

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000005 of 000018
Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)
COM : 000005 of 000014

negligence.

16. As a result of the negligence of Defendant, Unknown Nurse described above, the Plaintiff sustained bodily injuries, physical and mental pain, and her earning power has been permanently impaired.

17. As a further result of the negligence of Defendant, Unknown Nurse described above, the Plaintiff incurred expenses for and incident to medical and hospital treatment and lost time from the transaction of her business.

18. As a further result of the negligence of Defendant, Unknown Nurse described above, the Plaintiff will in the future be required to incur expenses for and incident to medical and hospital treatment and lost time from the transaction of her business.

**COUNT II**

19. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 18 above as fully as though the same were set forth herein at length.

20. Defendant, Lake Cumberland is vicariously liable for the negligent acts, commissions, or omissions of its employees, agents, servants, and/or those independent contractors working within Lake Cumberland, specifically those doctors, nurses, or other medical personnel who treated and/or were involved in the care of Maritha Elaine Pollard during her admission at Defendant, Lake Cumberland Regional Hospital on July 27, 2015, under the doctrines of ostensible agency and/or respondest superior, more specifically as follows:

a. Defendant, Unknown Nurse at Lake Cumberland directly caused or else permitted to be caused the tearing of Plaintiff's right shoulder. In doing so, Defendant, Unknown Nurse at Lake Cumberland caused permanent injury to Maritha Elaine Pollard's right shoulder.

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000006 of 000018

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

COM : 000006 of 000014

b. Defendant, Unknown Nurse at Lake Cumberland failed to take proper precautions to ensure that the Plaintiff was not injured when assisting her out of the bed. In doing so, Defendant, Unknown Nurse at Lake Cumberland caused permanent injury to Maritha Elaine Pollard's right shoulder.

c. Defendant, Unknown Nurse at Lake Cumberland failed to act in accordance with the standard of care requiring that the patient's joints be protected when assisting the Plaintiff.

d. Defendant, Unknown Nurse at Lake Cumberland failed to act in accordance with the standard of care recognizing that an unreasonable and unnecessary risk of injury to the right shoulder is associated with use of the use of the technique of assisting Plaintiff from the bed in the manner used. Defendant, unknown nurse at Lake Cumberland failed to abide by this standard of care.

e. Defendant, Unknown Nurse at Lake Cumberland's actions fell below the standard of care in that she directly caused or else permitted to be caused the injury to the right shoulder in a manner that failed to comply with the proper technique required of reasonably competent nurses situated similarly to Defendant.

f. Defendant, Unknown Nurse at Lake Cumberland's actions fell below the standard of care in that she failed to utilize the proper technique in assisting Maritha Elaine Pollard from the bed which accounts for the fact that the course of the right shoulder region places it at risk for injury.

21. The conduct of Defendant, Lake Cumberland's employees, agents, servants, and/or those independent contractors working within Lake Cumberland, as set forth above, increased the risk that harm would befall Maritha Elaine Pollard and was a substantial

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000007 of 000018

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

COM : 000007 of 000014

contributing factor in her injuries and/or was the direct and proximate cause of Martha Elaine Pollard's injuries.

22. At the time and place and on the occasion of the actions described above, Defendant, Lake Cumberland's employees, agents, servants, and/or those independent contractors working within Lake Cumberland deviated from the accepted standard of medical and nursing care in the performance of their medical and nursing responsibilities to Maritha Elaine Pollard; thus, said deviations constitute medical and/or nursing negligence.

23. As a result of the negligence of Defendant, Lake Cumberland's employees, agents, servants, and/or those independent contractors working within Lake Cumberland described above, the Plaintiff sustained bodily injuries, physical and mental pain, and her earning power has been permanently impaired.

24. As a further result of the negligence of Defendant, Lake Cumberland's employees, agents, servants, and/or those independent contractors working within Lake Cumberland described above, the Plaintiff incurred expenses for and incident to medical and hospital treatment and lost time from the transaction of her business.

25. As a further result of the negligence of Defendant, Lake Cumberland's employees, agents, servants, and/or those independent contractors working within Lake Cumberland described above, the Plaintiff will in the future be required to incur expenses for and incident to medical and hospital treatment and lost time from the transaction of her business.

**COUNT III**

26. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 25 above as fully as though the same were set forth herein at length.

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000008 of 000018

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

COM : 000008 of 000014

27.     Defendant, Lake Cumberland is directly liable under the doctrine of corporate liability for the following acts and/or omissions:

a.      the failure to properly train, supervise, oversee, and monitor the acts of its physicians, residents, nurses, employees, servants, agents, independent contractors, and/or other medical staff who treated and/or cared for Plaintiff, Maritha Elaine Pollard;

b.      the failure to develop, document, and implement an appropriate plan of care for patients who present with complaints identical to those as Maritha Elaine Pollard on July 27, 2015;

c.      the failure to adopt, perform, and follow the proper policy and/or procedure for addressing complaints similar to those made by Maritha Elaine Pollard on July 27, 2015;

d.      the failure to have the proper procedure and protocol in place for the treatment of patients with complaints similar to those of Maritha Elaine Pollard on July 27, 2015;

e.      the failure to adopt, perform, and follow a policy requiring that treatment similar to that provided to Maritha Elaine Pollard on July 27, 2015 comply with the standard of care; and/or

f.      by allowing improperly trained nurses and other employees to treat and care for patients with complications similar to those of Maritha Elaine Pollard on or about July 27, 2015.

28.     Defendant, Lake Cumberland's conduct as set forth above increased the risk that harm would befall Maritha Elaine Pollard and was a substantial contributing factor in her injuries identified herein and/or was the direct and proximate cause of Maritha Elaine Pollard's injuries identified herein.

29.     At the time and place and actions described above, Defendant, Lake Cumberland

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000009 of 000018

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

COM : 000009 of 000014

deviated from the accepted standard of medical and/or nursing care in the performance of its medical and nursing responsibilities to Maritha Elaine Pollard; thus, said deviations constitute medical and/or nursing negligence.

30. As a result of the negligence of Defendant, Lake Cumberland described above, the Plaintiff sustained bodily injuries, physical and mental pain, and her earning power has been permanently impaired.

31. As a further result of the negligence of Defendant, Lake Cumberland described above, the Plaintiff incurred expenses for and incident to medical and hospital treatment and lost time from the transaction of her business.

32. As a further result of the negligence of Defendant, Lake Cumberland described above, the Plaintiff will in the future be required to incur expenses for and incident to medical and hospital treatment and lost time from the transaction of her business.

**COUNT IV**

33. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 32 above as fully as though the same were set forth herein at length.

34. The actions of the Defendant's were intentional and/or reckless acts, and were outrageous and intolerable actions and that such action offend against generally accepted standards of decency and morality.

35. These actions were undertaken by the Defendant's with full knowledge of the illegality of doing so.

36. The actions and/or admissions of the Defendant's were accomplished with an oppression fraud and/or malice within the meaning of KRS 411.184. Further, these actions by the Defendant's were either intended by them to cause emotional distress to the Plaintiff or were

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000010 of 000018

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

COM : 000010 of 000014

such that Defendant's should have known that such actions would cause such emotional distress, and clearly exceed the bounds of common decency as would be observed in any civilized society.

OUTRAGE

37. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 36 above as fully as though the same were set forth herein at length.

38. The conduct, actions and words of the Defendant's complained of herein, constitute the tort of outrage, causing damage to Plaintiff in an amount to be proven at trial.

ACTIONS AND/OR INACTIONS

39. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 38 above as fully as though the same were set forth herein at length.

40. Actions and/or inactions of Defendant's, as described herein demonstrates grossly negligent, wanton, willful, flagrant, indifferent, and/or malicious disregard for the rights and safety of the Plaintiff, and were carried out with the subjective awareness. As a result, the Plaintiff is entitled to an order of damages.

ASSAULT AND BATTERY

40. Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 39 above as fully as though the same were set forth herein at length.

41. The actions of the unknown nurse constituted the tort of assault and battery under the laws of Kentucky causing damage to Plaintiff in an amount to be proven at trial.

42. The Defendant, Lake Cumberland is liable for the tortuous conduct of the unknown nurse.

43. The actions of the unknown nurse constitute the tort of battery under the laws of

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000011 of 000018

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

COM : 000011 of 000014

Filed 16-CI-00595 06/24/2016 George Flynn, Pulaski Circuit Clerk

Kentucky.

44. The Defendant's are liable for the injuries sustained as a result of the battery perpetrated upon the Plaintiff by the unknown nursing employee of Lake Cumberland.

WHEREFORE, the Plaintiff, Maritha Elaine Pollard, demands judgment against the Defendants, Lake Cumberland Regional Hospital and Unknown Nurse, as follows:

A. For compensatory damages in an amount in excess of $5,000.00, the jurisdictional minimum; and

B. For a jury trial on all issues so triable; and

C. For her costs herein expended; and

D. For any and all other relief to which he may appear entitled.

**VERIFICATION**

I, Maritha Elaine Pollard, after being first duly sworn, depose and state that I have read the foregoing Verified Complaint and the statements contained therein, after due inquiry, are true, correct and complete to the best of my knowledge and belief.

Maritha Elaine Pollard

MARITHA ELAINE POLLARD

COMMONWEALTH OF KENTUCKY
COUNTY OF Leslie

The foregoing Verification was acknowledged, subscribed to and sworn to before me by MARITHA ELAINE POLLARD, this the 23rd day of June, 2016.

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218) 43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000012 of 000018

COM : 000012 of 000014

Filed 16-CI-00595 06/24/2016 George Flynn, Pulaski Circuit Clerk

NOTARY PUBLIC
STATE AT LARGE
My Commission Expires: 7-6-19
Notary ID: 537290

Respectfully Submitted,

HAMM, MILBY & RIDINGS PLLC
120 NORTH MAIN STREET
LONDON, KY 40741
PHONE: 606-864-4126
FAX: 606-878-8144
bsergent@hmrkylaw.com
ATTORNEY FOR PLAINTIFF,
MARITHA ELAINE POLLARD

BY: /s/ BRYAN K. SERGENT
BRYAN K. SERGENT
AND

SCOTT MADDEN
MADDEN LAW OFFICE
116 LAWYER STREET
MANCHESTER, KY 40962
PHONE: 606-598-6124
FAX: 606-598-6129
Email: becky.maddenlaw@windstream.net
CO-COUNSEL FOR PLAINTIFF,
MARITHA ELAINE POLLARD

BY: /s/ SCOTT MADDEN
SCOTT MADDEN

AND

PHILLIP LEWIS
21951 MAIN ST.
HAYDEN, KY 41749

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000013 of 000018

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

COM : 000013 of 000014

Filed          16-CI-00595   06/24/2016          George Flynn, Pulaski Circuit Clerk

PHONE: 606-672-2977
FAX: 606-672-4285
lawofficeplewis@tds.net
CO-COUNSEL FOR PLAINTIFF,
MARITHA ELAINE POLLARD

BY: /s/ PHILLIP LEWIS
    PHILLIP LEWIS

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000014 of 000018

Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)

COM : 000014 of 000014

Filed          16-CI-00595   06/24/2016          George Flynn, Pulaski Circuit Clerk

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000015 of 000018

COMMONWEALTH OF KENTUCKY
PULASKI CIRCUIT COURT
DIVISION II
CIVIL ACTION NO: 16-CI-00595

ELECTRONICALLY FILED

MARITHA POLLARD PLAINTIFF

vs.

LAKE CUMBERLAND REGIONAL HOSPITAL, LLC, d/b/a
LAKE CUMBERLAND REGIONAL HOSPITAL,
And UNKNOWN EMPLOYEE OF LAKE CUMBERLAND
REGIONAL HOSPITAL, DEFENDANT

**AFFIDAVIT FOR APPOINTMENT OF WARNING ORDER ATTORNEY**

* * * * * * *

Comes the Affiant, Bryan K. Sergent, and after first being duly sworn, states as follows:

1. That he is the attorney for the Plaintiff in the above-captioned action.

2. That Defendant, **Unknown Nurse, of Lake Cumberland Regional Hospital,** requires the appointment of a Warning Order Attorney for the reasons set forth below.

3. CR 4.05 information:

____ (a) An individual who is a nonresident of this state and known or believed to be absent therefrom, or

____ (b) a corporation, or a partnership or unincorporated association which is subject to suit under a common name, having no agent in this state known to the Plaintiff upon whom a summons may be lawfully served, or

____ (c) an individual who has been absent from the state for four months or who has departed there-from with the intent to delay or defraud his creditors, or

____(d) an individual who has left the county of her residence to avoid the service of a summons or has so concealed herself that a summons cannot be served upon her, or

__X__ (e) an individual whose name or place of residence is unknown to the Plaintiff.

4. CR 4.06 information:

____ The last known address of the Defendant is as follows:

__X_ The name and last known address of the Defendant is unknown, and the undersigned is ignorant of such of those facts as he does not know **but that she is an employee at Lake Cumberland Regional Hospital at 305 Langdon St., Somerset, KY 42503.**

____ The Defendant is one designated under Rule 4.05(b) and its address is unknown, but the last known address of one upon whom service may be had on its behalf is as follows: ______________________________

____ The Defendant is one designated under CR 4.05(b), the address of this Defendant is unknown as is the last known address of one upon whom service may be had on their behalf, and the undersigned is ignorant of such of those facts as he does not know.

5. The Affiant is giving this Affidavit in his capacity as Counsel for the Plaintiff and the Affiant believes that the Plaintiff is ignorant of such facts as are unknown to the Affiant.

6. That the Affiant requests the appointment of a Warning Order Attorney to notify said Defendant of the nature and pendency of this action and requires that said Warning Order

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000016 of 000018

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000017 of 000018

Attorney make a report to the Court upon the results of his/her efforts to notify said Defendant, **Unknown Nurse, Lake Cumberland Regional Hospital.**

Further, the Affiant sayeth naught.

Hamm, Milby & Ridings, PLLC

/s/ BRYAN K. SERGENT
BRYAN K. SERGENT
ATTORNEY FOR PLAINTIFF
120 North Main Street
London, KY 40741

COMMONWEALTH OF KENTUCKY )
)
COUNTY OF LAUREL )

Subscribed, sworn to and acknowledged before me by Bryan K. Sergent, in his capacity as Attorney for Plaintiff, this 26th day of July, 2016.

Patricia Guard
NOTARY PUBLIC
STATE AT LARGE

My Commission Expires: 5-26-19

George Flynn, Pulaski Circuit Clerk
P.O. Box 664, 50 Public Square
Somerset, KY 42501

16-CI-00595 07/27/2016 George Flynn, Pulaski Circuit Clerk

GILLUM, JOHN SANDERS
GILLUM & GILLUM
P. O. BOX 1147
SOMERSET, KY 42502

43FD5395-C62B-4B3A-AE7C-B4DD6E4A368C : 000018 of 000018

**Generated: 07/27/2016**

| | | |
|---|---|---|
| **AOC-110** **Doc Code: AWOA**<br>**Rev. 7-14**<br><br>**Commonwealth of Kentucky**<br>**Court of Justice** ***Courts.Ky.gov***<br><br>**Rule CR 4.05; 4.07** | <br>**APPOINTMENT OF WARNING ORDER ATTORNEY** | Case Number: **16-CI-00595**<br>Court: **1**<br>County: **PULASKI**<br>Division: **CIRCUIT** |

*Plantiff,* **POLLARD, MARITHA. VS. LAKE CUMBERLAND REGIONAL HOSPITAL, LLC**, *Defendant*

**UNK NURSE**

Warning Order Appointed For

Not later than fifty (50) days after the date of this Order, the above-named Defendant is warned to appear and answer the Complaint/Petition of the above-named Plaintiff filed against him/her.

**HON. GILLUM, JOHN SANDERS**

Phone Number: (606) 679-9222

a regular practicing attorney of this Court, is appointed to correspond with the Defendant, and to inform him/her by mail concerning the pendency and nature of this action, and to file his/her report in the Clerk's office of this Court within fifty (50) days after the date of this Order.

/s/ George Flynn, Pulaski Circuit Clerk
Date: **07/27/2016**

FILED: CI 16-CI-00595 George Flynn, Pulaski Circuit Clerk

16-CI-00595 07/27/2016 George Flynn, Pulaski Circuit Clerk

