UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MARITHA POLLARD | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:16-cv-00159-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| LAKE CUMBERLAND REGIONAL | ) | **MEMORANDUM OPINION** |
| HOSPITAL, LLC, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Maritha Pollard brought an action against Lake Cumberland Regional Hospital, LLC and an Unknown Employee seeking to recover for injuries sustained while she was under the care of Lake Cumberland. As explained below, Pollard alleges that an unknown nurse assigned to her care yanked her arm in an attempt to move her, resulting in injuries to Pollard's shoulder. Lake Cumberland now moves for summary judgment on Pollard's claims. While Pollard agrees summary judgment is appropriate as to certain claims, genuine issues of material fact remain regarding Pollard's negligence claim. For the reasons set forth below, Lake Cumberland's Motion for Summary Judgment will be **GRANTED** in part and **DENIED** in part.

**I**

On July 27, 2015, Maritha Pollard underwent back surgery at Lake Cumberland Regional Hospital. [R. 1-1 at 8.] Post-operation orders from the doctor instructed to have Pollard ambulate after six-hours. [*See* R. 34-4.] In following those instructions, three nurses attempted to assist Pollard out of bed. [*See* R. 34-6.] While assisting Pollard, the "unknown nurse"

allegedly pulled Pollard's arm with considerable force, and Pollard experienced immediate pain in her right shoulder. [R. 1-1 at 8.] Pollard admitted she was heavily medicated at the time and likely does not have a complete, detailed recollection of the incident. [R. 34-3 at 4.] The nurses involved documented that they experienced difficulties moving Pollard, and reported, "[t]he patient screamed out when she got to bedside."[1] [*See* R. 34-6 at 2.] The nurse who allegedly caused Pollard's injury was determined to be Norma Schlabach; however, Schlabach was never specifically named as a defendant. [*See* R. 34-1 at 2.]

Pollard received treatment for her shoulder injury at Lake Cumberland on July 28, 2015, and later followed up with Dr. Yasser Nadim, an orthopedic surgeon in Somerset, Kentucky. [*Id.*] Dr. Nadim diagnosed Pollard with a degenerative joint disease and an impingement in her right shoulder, and he surgically repaired the shoulder on September 25, 2015. [R. 40-1 at 14.] Pollard asserts that the injury continues to negatively impact her life. [*See* R. 1-1 at 12; R. 34-3 at 7.]

On June 24, 2016, Pollard filed this action against Lake Cumberland and an Unknown Employee of Lake Cumberland in Pulaski Circuit Court alleging that unknown nurse's actions in yanking Pollard's arm fell below the appropriate standard of care in her performance of medical duties and, thus, constitutes negligence. [R. 1-1 at 8-9.] Pollard further claimed the nurse's actions amount to assault and battery, outrage, and intentional infliction of emotional distress.

---

[1] Plaintiff, in her Response to Defendant's Motion for Summary Judgment, states,

> Ms. Schlabach requested the help of Dorothy Kelsay and Stephanie Akins to ambulate Pollard. Both Stephanie Akins and Dorothy Kelsay were working in their capacity as employees of Lake Cumberland Regional Hospital at the time Ms. Pollard was injured and admit that an incident occurred that evening. The nurse's notes, which are attached to this response as Exhibit 1, show that all three nurses filed notes regarding the encounter and, noted the issues and difficulties with moving Ms. Pollard.

[R. 35 at 2.] However, Plaintiff's Exhibit 1 does not contain any nurses' notes from July 27, 2015, or July 28, 2015.

[*Id*. at 16-17.] Pollard seeks to hold Lake Cumberland vicariously and directly liable for the negligent conduct of its employee. [*Id*. at 12, 15.] The action was subsequently removed to this Court on August 1, 2016, on the grounds of diversity of citizenship. [*See* R. 1.]

On January 2, 2018, Lake Cumberland filed a Motion for Summary Judgment claiming, among other things, Pollard failed to establish a causal link between the alleged tortious conduct and her injury. [R. 34-1 at 7-8.] On January 26, 2018, Pollard filed her Response to Lake Cumberland's Motion for Summary Judgment, with an affidavit form Dr. Nadim included as support. [R. 35; R. 35-2.] Dr. Nadim's Affidavit states Pollard's injury was "probably the result of" the alleged incident. [R. 35-2 at 1.] Lake Cumberland's Motion for Summary Judgment has been fully briefed and is now ripe for review.

**II**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corporation of the President of the Church*, 521 F.Supp.2d 577, 582 (E.D.Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated another way, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co. Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its

3

burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating the existence of a genuine issue for trial. Fed. R. Civ. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted).

When applying the summary judgment standard, the Court must review facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, the Court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Id*.

**A**

Lake Cumberland first argues it is entitled to summary judgment on all claims because Pollard has failed to demonstrate within a reasonable degree of probability that the breach of duty she alleges was a substantial cause of her injury. [R. 34-1 at 5.] Pollard responded by filing an Affidavit from Dr. Nadim in which he states that, during the course of his treatment of Pollard, he determined her injury "was probably the result of" the alleged tortious conduct of the unknown nurse. [R. 35-2.] Lake Cumberland then filed a Motion to Exclude the Affidavit of Yasser Nadim, M.D. arguing that Dr. Nadim was not properly disclosed as a Rule 26(a)(2)(B)

expert and that Dr. Nadim's Affidavit contradicted prior deposition testimony in violation of Fed. R. Civ. P. 56. [R. 39; R. 40 at 2, 9.] The Court has already addressed this issue by ruling that Pollard properly disclosed Dr. Nadim as a treating physician expert who may testify as to causation of Pollard's injuries. [*See* R. 49.] Because, at this point, Dr. Nadim's Affidavit is not excluded, and because Pollard has presented at least some evidence on causation, none of Pollard's claims shall be dismissed on Lake Cumberland's lack of causation argument.

**B**

Next, Lake Cumberland moves for summary judgment on Pollard's corporate liability claim on the basis that Pollard failed to present evidence of causation and failed to present evidence that Lake Cumberland was negligent in the training or supervision of its employees. [R. 34-1 at 13.] This Court has already addressed the issue of causation. [*See* R. 49.] Therefore, the Court will now turn to the negligence-in-training/supervision aspect of Lake Cumberland's argument. In her Response, Pollard did not point to any evidence in the record that Lake Cumberland failed to properly train, supervise, or monitor its employees. [R. 35.] Pollard has ostensibly abandoned this claim and failed to establish that Lake Cumberland is directly liable under a corporate liability theory. Thus, summary judgment is appropriate as to this claim.

**C**

Lake Cumberland further argues that Pollard's claims for assault and battery, outrage, intentional infliction of emotional distress and any and all claims against unknown nurse should be dismissed for a variety of reasons. [*See* R. 34-1 at 10-16.] Pollard agrees these claims should be dismissed. [R. 35 at 6.] Therefore, without opposition, the Court will grant summary judgment on these claims.

**III**

For the foregoing reasons, the Court concludes a genuine issue of material fact remains as to whether the nurses were negligent in their treatment and care of Pollard, whether the nurses conduct caused Pollard's injuries, and whether Lake Cumberland is vicariously liable for that alleged negligence.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that:

1. Defendant Lake Cumberland Regional Hospital's Motion for Summary Judgment [**R. 34**] is hereby **DENIED** as to Pollard's Count One negligence claim on the issue of causation;

2. Defendant Lake Cumberland Regional Hospital's Motion for Summary Judgment [**R. 34**] is hereby **GRANTED** as to Pollard's Count Four outrage, assault and battery, and intentional infliction of emotional distress claims;

3. Defendant Lake Cumberland Regional Hospital's Motion for Summary Judgment [**R. 34**] is hereby **GRANTED** as to Pollard's Count Three corporate liability claim;

4. Defendant Lake Cumberland Regional Hospital's Motion for Summary Judgment [**R. 34**] is hereby **GRANTED** as to Pollard's claims against Defendant Unknown Nurse.

This the 8th day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge